No. 18,366.

R. T. BEAN, *Appellee,* v. JOHN KINSEDER et al., *Appellants.*

OPINION ON REHEARING.

Appeal from Sedgwick district court, division No. 1; THOMAS C. WILSON, judge. Opinion on rehearing filed April 11, 1914. Affirmed. (Former opinion of reversal not reported.)

*J. A. Brubacher, James Conly, S. B. Amidon, D. M. Dale, Jean Madalene, Benjamin F. Hegler,* and *S. A. Buckland,* all of Wichita, for the appellants.

*J. D. Houston,* and *C. H. Brooks,* both of Wichita, for the appellee.

*Per Curiam:* In a former opinion, handed down but not published, it was held that certain remarks of counsel for the prevailing party in his closing argument were improper, and that the failure of the court to sustain objections thereto and to admonish the jury to disregard the same was error which required a reversal of the judgment. In the opinion it was stated that no brief had been filed by appellee. A rehearing was allowed when attention was called to the fact that appellee's brief and abstract had been filed a few hours before the argument, but by oversight had not been presented to the court.

The Kinseders were sued for a real-estate commission which they claimed they did not owe. There was a sharp conflict in the evidence, and the jury returned a verdict against them for the full amount sued for, $525, with interest. On cross-examination John Kinseder admitted that he and his wife had been arrested at different times. He also testified:

"Generally when I was arrested they would send for me, or my lawyer to report at a certain day. They would n't come and take me down. Sometimes my attorneys went for me without the police doing it. I had a standing lawyer that I paid by the month."

The court and every one seem to have taken it for granted that the charge upon which the Kinseders had at various times been arrested was for violating the prohibitory laws, although no witness so testified. So far as the admissions of the defendants may have affected their credibility as witnesses, liberal comment by counsel was proper. Some of the remarks by which counsel besought the jury to return a verdict for the plaintiff, and thereby set the seal of their condemnation upon the conduct of the defendants in violating the prohibitory laws of the state, were quite eloquent; but they furnish no substantial or legal reason why a jury should return a verdict against the defendants in a civil action. Whether the statements had the slightest effect upon the result is only a matter of conjecture; and in view of the fact that the argument appears to have been, to some extent at least, induced by the argument of opposing counsel; and especially in view of the fact that the trial court overruled a motion for a new trial based upon these grounds, and approved the verdict, evidently because the court believed that the defendants' rights had not been prejudiced, we feel it our duty to affirm the judgment.

Judgment affirmed.